IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**QUINCY KIBLER,**

        **Petitioner,**

v.                  **CIVIL ACTION NO. 1:06cv109**
                          **(Judge Keeley)**

**AL HAYNES,**

        **Respondent.**

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2254**

## I. Introduction

On July 20, 2006, Quincy Kibler [hereinafter referred to as "petitioner"], a federal inmate at USP Hazelton, filed a *pro se* petition under the provisions of 28 U.S.C. §2254. By order entered on August 14, 2006, Al Haynes [hereinafter referred to as "respondent"], was ordered to answer the petition through the Attorney General of the State of West Virginia. On August 15, 2006, the order to answer was vacated.[1] On August 29, 2006, the petitioner filed a Supplemental Petition for Writ of Habeas Corpus.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 2), LR PL P 83.13.

## II. Factual Background

On February 19, 2003, the petitioner was convicted in the Superior Court of the District of

---

[1] Upon further review of the petition, it became apparent that because no official from the State of West Virginia was involved in the action, the West Virginia Attorney General's office would have no reason to reply.

Columbia and sentenced to three (3) years incarceration. The petitioner arrived at FCI Hazelton February 23, 2005, and was released on December 20, 2006. The most recent correspondence from the District Clerk's office to the petitioner was returned on January 3, 2007, marked return to sender and indicating that the petitioner was no longer at that address.[2]

### III. Petitioner's Habeas Corpus Claims

The petitioner is not challenging a state conviction. Rather, he claims that several years ago the State of Maryland lodged a claim or complaint against him but has failed, neglected and refused to move forward and/or prosecute him on the matter. The petitioner further alleges that the open claim has been utilized by the Federal Bureau of Prisons to make adverse determinations against him.[3] As relief, the petitioner requests that this Court enter an Order that "stipulates that all claims [in Maryland] are null, void and non-existent and no Court, Agency or Government entity may use such information to any extent.

### IV. Analysis

28 U.S.C. § 2254 provides that " [t]he Supreme Court, a Justice thereof, a circuit judge, or a district court, shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court...." Here, the petitioner is in custody pursuant to

---

[2]On July 21, 2006, the petitioner was sent a Notice of General Guidelines for Appearing Pro Se in Federal Court which advised him that failure to keep the Court advised of his current address at all times might result in his action being dismissed without prejudice.

[3]It would appear that under BOP rules, the petitioner was not eligible for placement in a community correctional facility because there are outstanding charged pending against him in the State of Maryland. Consequently, the petitioner was required to serve the entirety of his sentence in a "traditional" penal institution.

2

the judgment of a State court.[4]  However, the petitioner is not challenging his conviction. Instead, he is challenging or protesting pending charges lodged against him in the state of Maryland which have not yet been adjudicated.  Accordingly, the petitioner has not stated an appropriate claim under 28 U.S.C. § 2254.

Furthermore, even if this Court were to construe the petition as presenting a claim arising under 28 U.S.C. § 2241, it would have no jurisdiction to grant any relief inasmuch as the proper respondent would be the State of Maryland or some official therefrom.  For a district court to assert personal jurisdiction over a nonresident, two conditions must be satisfied.  "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with the Fourteenth Amendment due process requirements."  Christian Sci. Bd. Of Dirs. Of The First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).  The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[5]

---

[4]It is undisputed that for purposes of federal habeas law, convictions in the District of Columbia Superior Court for offenses under the D.C. Criminal Code, are considered "state" convictions.  Garris v. Lindsay, 795 F.2d 722 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (citing, inter alia, Swain v. Pressley, 430 U.S. 372 (1977)).

[5]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of the subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary...to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not "Offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state."Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed..2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp.2d 851, 854 (S.D. W.Va. 2004).

---

(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury outside this state if he or she regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state; Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivision (1) through (7), subsection (a) of this section may be asserted against him or her.

4

With regard to the actions of the State of Maryland, the petitioner has failed to assert any contact by the State of Maryland, or any of its officials, with the state of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, the Court cannot exercise personal jurisdiction over these individuals as any action or inaction they took appears to have occurred solely in Maryland and not anywhere in West Virginia, and there is no indication that they had any contact whatsoever with the State of West Virginia. Accordingly, because the petitioner is no longer in the custody of Al Haynes, the original petition cannot survive in this jurisdiction based on any alleged wrong doing that took place in Maryland prior to his release.

Finally, the undersigned notes that "[t]he essence of a habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, the prisoner was released from the custody of the Bureau of Prisons on December 20, 2006, and therefore, no further relief is available from this Court.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the Petition and Supplemental Petition for Writ of Habeas Corpus (Docs. 1 & 14) be **DISMISSED**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn,

474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: January 25, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE