IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**QUINCY KIBLER,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 1:06cv109**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**AL HAYNES,**

    **Respondent.**

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On July 20, 2006, petitioner, Quincy Kibler, ("Kibler") filed a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On January 25, 2007, Magistrate Judge James E. Seibert filed a report and recommendation finding that the petitioner failed to state an appropriate claim under 28 U.S.C. § 2254, "failed to assert any contact by the State of Maryland, or any of its officials, with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause", and that, because the Petitioner "is no longer in the custody of Al Haynes, the original petition cannot survive in this jurisdiction based on any alleged wrong doing that took place in Maryland prior to his release".

Accordingly, the Magistrate Judge recommended that the petitioner's § 2241 petition and supplemental petition (Docket Numbers 1 and 14) be **DENIED** and **DISMISSED WITH PREJUDICE.** The

Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. Nevertheless, Kibler failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se petitioner and to transmit copies of this Order to counsel of record.

Dated: May 18, 2007.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

---

[1] Kibler's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).